UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00003-TBR-LLK

JEFFREY J. MAURER                                                                  PLAINTIFF

v.

SARAH JONES                                                                      DEFENDANT

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 11). At Defendant's request, the Court held a telephonic discovery conference on March 26, 2018. Counsel for both parties attended.

Defendant filed a Motion for Protective Order on March 26, 2018, without obtaining leave of Court in violation of the Scheduling Order. (Docket # 13). Plaintiff filed its Response after the discovery conference. (Docket # 14).

Pursuant to Federal Rules of Civil Procedure 26(c)(1)(E) and Federal Rules of Evidence 615, Defendant seeks to exclude Mr. John Daniel from attending Defendant's deposition.

IT IS HEREBY ORDERED:

Retroactive leave to file the Motion for Protective Order (Docket # 13) is GRANTED. No Reply Brief will be allowed.

IT IS FURTHER ORDERED:

The Court having considered the statements in the Motion for Protective Order and Plaintiff's Response, as well as oral arguments made during the discovery conference, the Motion for Protective Order is DENIED.

Rule 30(c) of the Federal Rules of Civil Procedure was amended in 1993 to make it clear that deposition witnesses are not subject to sequestration as a matter of course. Rule 30(c) now

provides in relevant part that the "examination and cross-examination of witnesses [at oral depositions] may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence *except Rules 103 and 615*." FED. R. CIV. P. 30(c) (emphasis added). Rule 615 of the Federal Rules of Evidence provides that the Court, upon request, will "order witnesses excluded so that they cannot hear the testimony of other witnesses." The 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(c) emphasize that Rule 615's exclusion from Rule 30(c) was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party."[1] *See generally McKenna v. Chesnoff*, No. 2:14-cv-01773-JAD-CWH, 2017 WL 714342, *adopted by*, WL 4932913 (D. Nev. Oct. 31, 2017). Instead, exclusion of individuals from depositions requires that the Court grant a protective order pursuant to Rule 26(c). *Conrad v. Bd. of Johnson Cty. Kan. Comm'rs*, CIVIL ACTION No: 00-2277-DJW, 2001 WL 1155298, at *1 (D. Kan. Sept. 17, 2001) (citing *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D. N.C. 1999)); *see also AG Equip. Co. v. AIG Life Ins. Co.*, 07-CV-556-CVE-PJC, 2008 WL 3992789, at *1 (N.D. Okla. Aug. 25, 2008).

Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See generally In re Wilkinson*, 137 F.3d 911, 918 (6th Cir. 1998); *Stone v. City of Grand Junction, Tenn.*, 1:10-CV-01088-JDB, 2010 WL 4569073, at *1 (W.D. Tenn. Nov. 4, 2010). That includes an order that excludes other witnesses and non-party witnesses. FED. R. CIV. P. 26(c) (5); *see e.g. Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (excluding a party on the finding there was cause to believe he would harass the deponent and he had demonstrated a complete disregard for the judicial process); *Stone,* 2010 WL 4569073, at *1 (W.D. Tenn. Nov. 4, 2010) (excluding a non-party

---

[1] The revision addresses a recurring problem as to whether other potential deponents can attend a deposition.

witness upon good cause shown due to the relationships and circumstances of the case); *Hamon Contrs., Inc. v. Dist. Court,* 877 P.2d 884, 887 (Colo. 1994) (finding the exclusion of a party from a pretrial deposition is only permitted rarely and under extraordinary circumstances); *BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc.,* 112 F.R.D. 154, 157 (N.D. Ala. 1986) (finding there must be a proper showing to exclude a party from a deposition and that this should be a rare event).

Here, Defendant seeks to prevent Mr. John Daniel from attending Defendant's deposition. Defendant argues that Mr. Daniel's "non-party attendance" should be prohibited because Defendant does not know if Plaintiff intends to call him as a witness. Additionally, Defendant argues that because Mr. Daniel is not a party or currently a witness to this case, the only other purpose for his attendance would be to unduly harass, annoy or intimidate the witness/party. However, such speculation does not meet Defendant's burden of showing "good cause" under Rule 26(c)(1)(E). A request for a protective order "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Air Crash at Lexington*, No. 5:06-CV-316-KSF, 2008 U.S. Dist. LEXIS 3865, at *31 (E.D. Ky. Jan. 17, 2008) (citing *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981)); *see also Murillo v. Dillard*, 1:15-CV-00069-GNS, 2017 WL 471570, at *2, *objections overruled,* 2017 WL 2417953 (W.D. Ky. June 2, 2017). Defendant's assertions do not warrant a protective order in this case.

IT IS SO ORDERED.

c: Counsel
p: 0.11

**Lanny King, Magistrate Judge**
**United States District Court**

March 26, 2018