UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-003-TBR-LLK

JEFFREY J. MAURER, PLAINTIFF

v.

SARAH JONES, DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Sarah Jones's Motion to Reconsider, Alter, Amend, or Vacate the Court's Order and Judgment pursuant to Federal Rule of Civil Procedure 59. [R. 25.] Plaintiff Jeffrey Maurer responded. [R. 26.] This matter is now ripe for adjudication. For the reasons stated herein, Defendant Jones's Motion, [R. 25], is **DENIED**.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g., Moody v. Pepsi–Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.,* 2013 WL 1563233, at *8–9 (W.D. Ky. Apr. 12, 2013). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen,* 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.,* 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this

1

circuit put it: "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch,* 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson,* 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.,* 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

In the instant motion, Jones argues for reconsideration of the Court's decision to grant summary judgment in favor of Maurer, [R. 23 (the Court's Opinion)]. [R. 25.] Jones fails to assert under which of the four grounds listed by the Sixth Circuit her Motion for Reconsideration should be granted pursuant to Rule 59. [*See generally* R. 25.] Instead, Jones filed a numbered list of six brief arguments in which she vaguely asserts that the Court's findings were incorrect. The Court will address each in turn.

First, Jones claims that the Court mistakenly referred to Sarah Jones as a party in three separate cases in the "Background" section of its Opinion. [R. 25 at 1.] As Maurer pointed out in

his Response, when the Court stated that "overall, the parties were involved in three cases," it was referring to the parties listed in the sentence proceeding the one at issue, i.e., "Plaintiffs and Counterclaim Defendants C.A. Jones, Inc., Global Book Resellers, LLC, and Charles A. Jones and Defendants and Counterclaim Plaintiffs Mayson Capital partners, LLC, Jeffrey J. Maurer, Missouri Book Company, LLC, and PAJCO, Inc." [R. 23 at 1.]

In Jones's second,[1] fifth,[2] and sixth arguments,[3] she asks the Court to reconsider arguments previously considered upon motion for summary judgment. [R. 25 at 1-2.] As explained above, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *White.,* 2008 WL 782565, at *1; *see also Whitehead,* 301 F. App'x at 489. Therefore, it is unnecessary for the Court to address these matters once again, and the Court stands by its previous ruling.

Finally, under her third and fourth argument, Jones argues that the Court's finding that she received consideration through a mutual release or from having a finite agreement was "entirely speculative." [R. 25 at 1-2.] Although Jones believes the Court's reasoning was incorrect, she fails to cite to any case law, rebut the case law provided by the Court in its Opinion, or provide any sort of argument that there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

---

[1] Jones's second argument states: "Mrs. Jones in her deposition which is the only evidence in the record states that she never read the Settlement Agreement or Promissory Note and only signed as Charles Jones asked her to. (S. Jones Deposition Page 53-56). Mrs. Jones also states she received no benefit from signing the documents." [R. 25 at 1.]

[2] Jones's fifth argument states: "The Court cited the case of Bethlehem Sand and Gravel LLC 342 SW3d 288 (Ky. Ct. App. 2011). Defendant renews its request that the Court distinguished that case, as therein the President signed a note as guarantor to obtain $500,000.00. Defendant cites that case in her Motion for Summary Judgement, since unlike Mr. Brooks, Mrs. Jones did not sign to obtain funds for her corporation. She signed as asked to by her husband." [R. 25 at 2.]

[3] Jones's sixth argument states: "Mrs. Jones did not participate in the settlement negotiations and had no idea that her signature was a condition or inducement to a settlement. Thus she had no idea of any consideration between herself and Plaintiff." [R. 25 at 2.]

manifest injustice." *Leisure Caviar, LLC,* 616 F.3d at 615. Even if Jones "views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc.,* 2010 WL 2836788, at *1. Accordingly, the Court finds that it is unnecessary, and improper under Rule 59, for the Court to address these matters again. The Court stands by its previous ruling.

In summary, Jones may not use a Rule 59 Motion to Consider to reargue a case on its merits or rehash the initial issues. Thus, Jones's Motion, [R. 25], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Sarah Jones's Motion to Reconsider, Alter, Amend, or Vacate the Court's Order and Judgment, [R. 25], is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 21, 2018

cc: Counsel of Record