UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00003-TBR-LLK

JEFFREY J. MAURER                                                               PLAINTIFF

v.

SARAH JONES                                                                    DEFENDANT

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 11). This matter is before the Court on Plaintiff Jeffrey Maurer's Motion to Compel regarding various financial inquiries of Defendant Sarah Jones' financial assets, as well as those owned by her husband, Charles 'Chuck' Jones. (Docket # 47). Defendant Jones filed a Response on June 25, 2019. (Docket # 52). Fully briefed, this matter is ripe for adjudication.

For the reasons detailed below, Plaintiff's Motion to Compel is GRANTED. (Docket # 47).

**Factual Background**

On August 16, 2018, Judge Russell entered an Order and Judgment in favor of Plaintiff Maurer. (Docket # 24). The subject of this Judgment was a debt incurred by Defendant Jones, her husband, Charles Jones, and other related entities stemming from a prior consent judgment. (Id.). Mr. Jones is currently the subject of a proceeding in Bankruptcy Court for the Western District of Kentucky, styled C.A. Jones Inc., et al., v. Mayson Capital Partners, LLC, et al., Case No. 5:14-cv-74; Adversary No. 16-05012.

1

Plaintiff served Defendant with a set of post-judgment discovery requests on October 17, 2018. (Docket # 39-1). Following multiple telephonic status conferences and show cause hearings, the Court granted Plaintiff leave to file a motion to compel answers to his discovery requests regarding the assets of her husband, Charles "Chuck" Jones. (Docket # 45).

On the first page, Plaintiff's Motion to Compel states that he seeks "to obtain discovery on the location and nature of assets that may be owned or controlled by Defendant either individually or jointly with her spouse." (Docket # 47 at 1). This is inconsistent with the Court's Order granting leave to file the Motion to Compel. Assets "owned or controlled by Defendant either individually or jointly with her spouse" were addressed by the Court in a previous Order. (Docket # 45). Plaintiff's descriptions of discovery requests propounded upon Defendant also seek information about the assets held by Defendant, Sarah Jones or other entities.[1] Again, this is inconsistent with the Court's Order (Id.).

Plaintiff properly frames the issue addressed in this Order on the second page of his Motion to Compel, "Pursuant to this Court's Order entered on June 5, 2019, Plaintiff was granted leave to file this Motion to Compel regarding Defendant's obligations to provide information known or obtainable by Defendant regarding the assets of C. Jones." (Docket # 47 at 2). This Order only addresses those assets held by Defendant's husband, Charles "Chuck" Jones, as contemplated in the previous Order and does not address those assets in which Defendant Jones holds an interest.

---

[1] Interrogatory No. 1 requested that Defendant "provide a detailed description of each and every source of money, income, revenue, cash payment or cash flow for you and/or your husband in the past five years." (Docket # 47 at 4). Interrogatory No. 4 "asked Defendant to provide any information regarding any interest in any entity in the past five years.' (Id. at 5). Interrogatory No. 5 "sough information regarding bank accounts of any entity for which she has an interest." (Id. at 6). Interrogatories No. 11 and No. 12 "sought information regarding whether she or her husband or any entity has entered into any loans, notes, or guarantees in the last five years." (Id. at 7).

Plaintiff argues that he should be entitled to discovery regarding the assets held by Mr. Jones of which Mrs. Jones has control or knowledge. Specifically, he argues that information regarding the assets of a judgment debtor's spouse is within the bounds of post-judgment discovery, primarily to avoid issues of hidden assets in anticipation of a judgment. (Id.). Plaintiff alleges that Defendant is obligated "to provide information known or obtainable by Defendant regarding the assets of C. Jones." (Id.).

Defendant responds that she has fully answered Plaintiff's discovery requests and that he seeks to compel the production of additional information not within her control. (Docket # 52 at 3). She contends that Plaintiff is indeed entitled to the additional information, but that she cannot provide it. (Id.). She believes that the proper path for Plaintiff to pursue is through discovery requests directed at a third party, her husband, Mr. Jones. (Id. at 5).

**Legal Standards**

The Federal Rules of Civil Procedure provide a mechanism for discovery by a creditor in the post-judgment stage of litigation. Rule 69(a)(2) states that "in aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). Compared to discovery during litigation, post-judgment discovery is "very broad." United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted). District courts in other jurisdictions have found that the creditor may "utilize the full panoply of federal discovery measures" provided for under federal and state law to obtain information *from parties and non-parties alike*, including information about assets on which execution can issue or about assets that have been fraudulently transferred. Magnaleasing,

Inc. v. Staten Island Mall, 76 F.R.D. 559, 561 (FN 1) (S.D.N.Y. 1977) (emphasis added) (judgment creditor was entitled to discovery on parts of settlement agreement relating to existence or transfer of defendants' assets, where it was alleged that the agreement involved improper transfers of those assets).

The judgment creditor is entitled to obtain information regarding a judgment debtor's spouse in the course of post-judgment discovery. Andrews v. Raphaelson, No. 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009). "It is beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe, 148 F.R.D. 256, 256-57 (N.D. Ind. 1993); *see also* United States v. Cimino, 219 F.R.D. 695, 696-97 (N.D. Fla. 2003) (requiring production of joint bank account records of judgment debtor and husband); *Compare* G-Fours, Inc. v. Miele, 496 F.2d 809, 811-12 (2nd Cir. 1974) (martial communications privilege did not preclude disclosure of judgment debtor's bank accounts, property, and recent transfers of money and property to his wife in a collection action). This information is broadly relevant, as it may lead to discovery of assets recoverable to satisfy judgments, or it may show that assets or funds were improperly transferred to avoid the reach of creditors. Id. (affirming trial court's order holding judgment debtor's spouse in contempt for refusing to answer interrogatories relating to judgment debtor's bank accounts and property, as well as recent transfers to the spouse); Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1224 (7th Cir. 1993) (counsel sanctioned for instructing a judgment debtor's spouse not to answer questions regarding finances).

## Analysis

### Defendant Can Be Required to Produce the Requested Information.

Plaintiff seeks production of information regarding Mrs. Jones' knowledge of the identity and location of any assets or sources of money owned or controlled by Mr. Jones. In cases where a judgment debtor is alleged to have transferred assets to his or her spouse to avoid disclosure, courts have broadly required disclosure of the information. However, that question is not before the Court. Here, the Plaintiff has asked the Court to determine if the Defendant can be required to produce information in discovery that she purports is not within her knowledge or control.

Mrs. Jones states that she is not hiding the information, rather, she does not know the information. A party cannot be compelled to produce information that it does not have or that does not exist. Peavey v. Univ. of Louisville, No. 3:09-cv-00484-R, 2011 WL 1106751, at *7 (W.D. Ky. Mar. 23, 2011). Mrs. Jones asserts that she does not have the information sought, she does not know the information, and that her husband would not give it to her if asked. (Docket # 52 at 5-6).

Federal Rule of Civil Procedure 34(a)(1) requires a party "to produce and permit the requesting party or its representative to inspect … items in the responding party's possession, custody, or *control*." FED. R. CIV. P. 34(a)(1) (emphasis added). The meaning of possession, custody, or control, for the purposes of Rule 34, includes actual possession, custody, and control as well as "the legal right to obtain the documents on demand." Duracore Pty. Ltd. V. Applied Concrete Technology, Inc., No. 2015 WL 4750936, at *2 (W.D. Ky. Aug. 11, 2015) (*citing* In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); *see also* Resolution Trust Corp. v. Deloitte

& Touche, 145 F.R.D. 108, 110 (D. Colo. 1992); Weck v. Cross, 88 F.R.D. 325, 327 (N.D. Ill. 1980). Ownership does not serve as the determining factor. Id. (*citing* In re Sunrise Sec. Litig., 109 B.R. 658, 661 (E.D. Pa. 1990); Weck, 88 F.R.D. at 327). Control of information, for purposes of the Federal Rules, "includes documents that may be in the possession of a third party." New York ex rel. Boardman v. National R.R. Passenger Corp., 233 F.R.D. 259, 267 (N.D.N.Y. 2006) (*citing* United States v. Friedus, 1989 WL 140254, at *2-3 (S.D.N.Y. Nov. 13, 1989)) (party husband compelled to produce documents held by his nonparty wife).[2] Further, if a party's assets "are jointly held with his [spouse], his [spouse's] privacy interests must give way to the plaintiff's ability to engage in post-judgment discovery in accord with Rule 69(a)(2) of the Federal Rules of Civil Procedure." King & Ballow v. Thompson, No. 2015 WL 881533, at *2 (M.D. Tenn. Mar. 2, 2015). The ability of a party to exercise control over property depends upon the relationship between the parties. United States v. Tucker, No. 2007 WL 9734413, at *3 (N.D.N.Y. Mar. 22, 2007) (*citing* United States v. Rith, 164 F.3d 1323, 1330 (10th Cir. 1999)).

Based on the Defendant's admission that Plaintiff is entitled to the information and lack of citation to authority supporting Defendant's objections, the Plaintiff's Motion is well-taken. Defendant must produce information within her knowledge or control regarding the assets of her

---

[2] United States v. Freidus also states that "[c]ontrol may be determined by the ability of the party to obtain the documents in question. Scott v. Arex, 124 F.R.D. 39, 41 (D.Conn.1989) ("a party controls the documents that it has the right, authority, or ability to obtain upon demand"). Neither the ownership of the documents, nor the location of the documents are determinative. *See* Cooper Indus., Inc. v. British Aerospace, 102 F.R.D. 918 (S.D.N.Y.1984) (defendant required to produce documents possessed by defendant's affiliate); M.L.C., Inc. v. No. Am. Philips Corp, 109 F.R.D. 134, 138 (S.D.N.Y.1986) (similar). A party may be required to produce documents even if it only controls the persons who are able to obtain the documents. *See* Herbst v. Able, 63 F.R.D. 135, 138 (S.D.N.Y.1972). "Books and records relating to the business of the party called on to produce them are assumed to be in the party's possession or control ...." 4A *Moore's Federal Practice* ¶ 34.17 (2d ed.1988). Furthermore, a defendant cannot evade production of documents by conveniently claiming a lack of access when the documents are sought for discovery purposes. *See* Cooper Indus., Inc., 102 F.R.D. at 919-20 ("it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business")." No. 1989 WL 140254, at *2-3.

husband. The Court now turns to an examination of Defendant's control of information relating to the assets of her husband.

### Jointly Held Assets Come with a Higher Duty of Disclosure, but Individually Held Assets Must also be Disclosed, if Within a Party's Control.

The Federal Rules are clear that a party who exercises control over assets can be required to produce information about those assets. A marital relationship is not, on its own, conclusive in determining if control exists, but it is a strong indicator. To the extent that Defendant can exercise control over the information requested, she must produce the information. FED. R. CIV. P. 34 (a)(1). In previous post-judgment discovery Orders, Mrs. Jones has been directed to produce "(1) ownership interests, assets of entities, and income information from 2018 forward for the Coursey Family Partnership; (2) information pertaining to C.A. Jones, Inc.; (3) information relating to real estate, loan balances, additional documents, and promissory notes; (4) 2014 and 2015 Tax Returns filed by Defendant; (5) a listing of all personal property valued at over $1,000.00; and (6) any income information for Defendant Jones from 2018 to present." (Docket # 45 at 2-3). Defendant clearly could exercise control over these assets, even though the information was only partially in her control. The information pertaining to her ownership interest in C.A. Jones, Inc. is the clearest example. Though she only had a partial interest in the corporation, she could be required to produce the information, even though it was primarily in the possession of her husband, Mr. Jones.

The information requested in the Motion to Compel is similar. The Plaintiff has requested information regarding payments, entities, and accounts owned, controlled, or held by Defendant's husband, Charles Jones. (Docket # 47 at 4-7). Mrs. Jones has control over assets held jointly with her husband, and may have control of, or information regarding assets held

7

solely by her husband.  It is up to her to show that she lacks this control or information regarding those assets.  Absent such a showing, she must produce the information requested regarding those assets to meet the requirements of the Federal Rules.

**Defendant Has Not Documented Reasonable Efforts to Secure the Requested Information.**

In answering discovery requests, "[t]he burden is on the defendants to make an inquiry to make and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories." National Fire Ins. Co. of Hartford v. Jose Trucking Corp., 264 F.R.D. 233, 239 (W.D. N.C. 2010).  An answering party "cannot limits his answers to matters within his own knowledge and ignore information immediately available to him or under his control." Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D. Okla. 1977).[3]  "If an answering party lacks necessary information to make a full, fair, and specific answer to an interrogatory, it should so state under oath and *should set forth in detail the efforts made to obtain the information*." Id. (emphasis added) (*citing* International Fertilizer & Chemical Corp. v. Brasileiro, 21 F.R.D. 193 (S.D.N.Y. 1957)).

Mrs. Jones must make a reasonable effort to answer the discovery requests propounded upon her by Plaintiff.  This Court finds no evidence that Mrs. Jones has done so.  She states that she has requested the information of her husband and sought it out to the best of her ability, though she does not provide any evidence of her efforts.  She instead points the finger at Mr. Jones and directs the Plaintiff to ask him. (Id. at 5).  However, the Federal Rules require her to make reasonable efforts to obtain this information.  Additionally, Defendant cites no authority,

---

[3] *See also* N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Division, Forge Division, 410 F.2d 953 (6th Cir. 1969); Olmert v. Nelson, 60 F.R.D. 369 (D.D.C. 1973); Piling v. General Motors Corp., 45 F.R.D. 366 (D.Utah 1968).

8

nor does this Court find any authority that supports her position. The party opposing discovery "must show that the material sought either falls beyond the scope of relevance, or is so marginally relevant that the potential harms of production outweigh the presumption in favor of broad disclosure." <u>Bentley v. Highlands Hospital Corp.</u>, No. 2016 WL 762686, at *1 (E.D. Ky. Feb. 23, 2016); *see also* <u>Invesco Institutional (N.A.), Inc. v. Paas</u>, 244 F.R.D. 374, 380 (W.D. Ky. 2007); <u>Horizon Holdings, LLC v. Genmar Holdings, Inc.</u>, 209 F.R.D. 208, 211-12 (D. Kan. 2002). To date, Defendant has not done so.

The tenor of Defendant's responses to Plaintiff's discovery requests is telling. She says, "I don't recall", "[I] also remember", "I do not know", "I am sure … but I do not know the details", and "I believe" regarding her ownership or the existence of, information pertaining to the sources of income sought in the discovery requests. This is clearly insufficient. A party may not be compelled to produce information that she does not know, but she may not claim ignorance as an excuse to the requirements of discovery. The Defendant must make a showing that she has made reasonable efforts to obtain the information requested.

**Availability of Information from Other Sources Does Not Excuse a Party from Production.**

Further, Defendant states that all the information Plaintiff seeks is available elsewhere, in her husband's answers to discovery in the bankruptcy proceeding. Presumably, if Defendant admits that this information is available in her husband's responses in the adjacent proceedings, she should have knowledge of information that relates to those responses. She at least has an obligation to produce information related to what she knows of those responses.

Defendant must make a showing of her reasonable efforts to comply with the requirements of the Federal Rules of Civil Procedure. It may well be that she has no control over

the information requested of her. If that is the case, then she needs to document the reasonable efforts she has undertaken to attempt to produce the information and to demonstrate why she lacks control. Without such a showing of lack of control or reasonable efforts, she has not met her obligations. She must do more than say she does not have access to the information, she must demonstrate it.

## Conclusion

For the reasons detailed above, Plaintiff's Motion to Compel (Docket # 47) is GRANTED. Defendant shall respond to Plaintiff's post-judgment discovery requests and shall document her reasonable efforts to do so.

*Lanny King, Magistrate Judge*
*United States District Court*

August 16, 2019